E-FILED
Wednesday, 21 January, 2009  09:33:18 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SCOTT J. REVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-1265 |
| ) | |
| WARDEN MARK PIERSON, ) | |
| ) | |
| Respondent. ) | |

### ORDER

Before the Court is Scott J. Rever's Motion for Certificate of Appealability from the denial of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, Rever's Motion [#21] is GRANTED.

### DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2253 now requires a certificate of appealability in cases arising under 28 U.S.C. § 2254.  A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right, and any certificate issued must specify what claim(s) merit appellate review.

In Rever's § 2254 petition, he argued that there was a bona fide doubt as to his fitness to stand trial.  In denying his petition, the Court noted that there was some doubt as to his competency at his subsequent trial but found that this doubt was overcome by two things.  First, Dr. Chapman testified at the post conviction hearing that the May 5, 2000, finding of fitness to stand trial and the

accompanying Progress Report, which stated the need for inpatient care, were not inconsistent. Dr. Chapman testified that even if a person met the criteria for continued hospitalization, he could still be fit for trial. Second, the trial judge, defense counsel, and prosecutor were all aware that Rever's medication had been dramatically increased, but none of them noticed any indication of incompetency at trial. As a result of Dr. Chapman's testimony and the trial judge's, defense counsel's, and prosecutor's lack of objections, the Court found that there was not enough evidence to "positively, unequivocally and clearly generate a real, substantial and legitimate doubt" as to his mental fitness to stand trial.

The Court further declined to grant Rever an evidentiary hearing to develop a factual record of his unfitness to stand trial, holding that, under the Section 2254 standard, Rever failed to establish a reason to hold an evidentiary hearing because he did not establish that his alleged incompetency relied on a new rule of constitutional law or that there is a factual predicate that could not have been previously discovered through the exercise of due diligence. Further, while Rever argued that his attorney's representation of him at the post conviction hearing was ineffective because she failed to call a witness to establish that he was incompetent to stand trial, the Court found this argument was unavailing because the effectiveness or incompetence of counsel during a collateral post conviction proceeding is not a ground for relief under section 2254. *See* § 2254(i).

In considering whether a certificate of appealability should issue, the Court finds that Rever presents claims that could be debatable among jurists of reason and, if these jurists disagree with this Court, Rever would be able to make a substantial showing of the denial of a constitutional right.  Therefore, this Court finds two issues warrant appellate review under § 2253(c):

(1)  Whether petitioner sufficiently demonstrated a real and substantial doubt as to his fitness to stand trial, which would then shift the burden to the State to demonstrate that he was in fact fit at the time of trial; and

(2)  Whether, if petitioner did not sufficiently demonstrate such doubt, this Court erred in denying him an evidentiary hearing at which he might establish this doubt, in light of the Section 2254 standard, whereby the effectiveness or incompetence of counsel during Federal or State collateral post conviction proceedings are not grounds for relief.

## CONCLUSION

For the reasons stated above, the Court GRANTS Rever's Motion for Certificate of Appealability [#21].

ENTERED this 20th day of January, 2009.

/s Michael M. Mihm
Michael M. Mihm
United States District Judge

3